**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MYRA DEMERÉ,

    Plaintiff,

v.                                                                  Case No.

PROVIDE TECHNOLOGIES, INC.,
a Georgia corporation, and
KYLE THOMAS, individually,

    Defendants.

## COMPLAINT

Plaintiff, MYRA DEMERE, herein sues Defendants, PROVIDE TECHNOLOGIES, INC., and KLYE THOMAS, and complains as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Myra DeMeré is a resident of Seattle, Washington.

2. Defendant Provide Technologies, Inc. (Provide) is a Georgia corporation.

3. Provide's principal place of business is 107 Technology Parkway NW, Suite 215 Peachtree Corners, Georgia, and within this District.

1

4. Upon information and belief, Defendant Kyle Thomas is a resident of and domiciled in North Carolina, but who at all times material worked from the Provide corporate office.

5. Defendant Kyle Thomas is neither a resident of nor domiciled in the State of Washington.

6. At all times material, Defendant Kyle Thomas was the CEO of the Provide, and was an employer of Plaintiff as defined under Colorado laws.

7. This court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because:

    a. Ms. DeMeré is a citizen of and domiciled in the State of Washington,

    b. Mr. Thomas is neither a resident of nor domiciled in the State of Washington.

    c. Provide is incorporated under the laws of the State of Georgia, and has its principal place of business in Georgia, and is therefore domiciled in the State of Georgia.

    d. The amount in controversy exceeds $75,000, not counting interest and court costs.

8.     Venue is proper pursuant to 28 U.S.C. 1391(b) because Defendant Provide maintains its principal place of business in, the Northern District of Georgia and where the causes of action and employment decisions at issue originated from.

**GENERAL ALLEGATIONS**

9.     On January 19, 2021, Provide hired Ms. DeMeré as its Research and Development Software Engineer.

10.    From January 19, 2021 through October, 2021, Provide acted as Ms. DeMeré's employer.

11.    At all relevant times, Ms. DeMeré resided in and worked in the State of Colorado.

12.    As the Research and Development Software Engineer, Ms. DeMeré at all relevant times reported directly to Kyle Thomas, CEO of Provide.

13.    Ms. DeMeré was paid an hourly rate of $60.00 per hour worked.

14.    Provide and Ms. DeMeré were free to terminate the work at any point during her employment.

15.    Ms. DeMeré's contract does not specify a completion or end date.

16.    Ms. DeMeré consistently worked over 40 hours a week for Provide, and received complaints from Provide when she worked fewer than 40 hours in a week.

17. Ms. DeMeré was required to maintain a timekeeping record and provided it to Mr. Thomas on a regular basis.

18. Provide required Ms. DeMeré to be available to work at all times during a normal 40-hour workweek.

19. Ms. DeMeré did not perform any other work for income while employed by Provide.

20. Mr. Thomas regularly supervised and directed Ms. DeMeré's work and provided guidance on how it should be performed.

21. Ms. DeMeré was paid directly through wire transfer to her personal bank account.

**COUNT I – VIOLATION OF COLORADO WAGE CLAIM ACT**

22. The foregoing allegations are realleged and incorporated by reference.

23. On November 8, 2021, and again on November 18, 2021, Ms. DeMeré sent to Provide a formal wage demand pursuant to § 8-4-109(3), Colorado Revised Statutes, for $50,651.00 in wages and compensation.

24. As of the date of this Complaint, Defendants have not paid any amount in response to the formal wage demand.

25. Ms. DeMeré is owed earned, vested, and determinable amounts for her wages and compensation.

26. Pursuant to the Colorado Wage Claim Act, C.R.S. § 8-4-109(3)(b), Ms. DeMeré is entitled to recover all unpaid wages and compensation plus a penalty of 125% of the first $7,500.00 of the unpaid amount, and 50% of any additional amount as a result of Defendants' failure to pay Ms. DeMeré her earned and unpaid wages and compensation following the written demand.

27. Ms. DeMeré is also entitled to an additional 50% penalty pursuant to C.R.S. § 8-4-109(3)(c) because Defendants' failure to pay Ms. DeMeré's wages and compensation was willful.

28. Ms. DeMeré is entitled to recover her reasonable attorney fees and costs incurred pursuant to C.R.S. § 8-4-110.

29. Mr. Thomas was Ms. DeMeré's employer with the meaning of C.R.S. § 8-4-101(6) in that he had the power to fire Ms. DeMeré, he supervised and controlled Ms. DeMeré's work schedule and conditions of employment, he determined the rate and method of paying Ms. DeMeré, and he maintained Ms. DeMeré's employment records.

30. Mr. Thomas is jointly and severally liable with Provide on this First Claim for Relief.

**COUNT II – BREACH OF CONTRACT**

31. The foregoing allegations in paragraphs 1 to 21 are realleged and incorporated by reference.

32. Defendants' failure to pay Ms. DeMeré her wages, compensation, and other amounts due under her contract is a breach of Ms. DeMeré's contract.

33. As a direct and proximate result of such breach, Ms. DeMeré has suffered damages equal to such unpaid amounts.

## COUNT III – UNJUST ENRICHMENT

34. The foregoing allegations in paragraphs 1-21 are realleged and incorporated by reference.

35. Defendants received, at Ms. DeMeré's expense and to her detriment, the benefit of work Ms. DeMeré performed without compensation.

36. Defendants received the benefit under circumstances that would make it unjust for Defendants to retain the benefit without paying.

37. As a matter of *quantum meruit*, Ms. DeMeré is entitled to recover the reasonable value of the work she performed.

## DEMAND FOR JUDGMENT

Plaintiff, Myra DeMeré requests judgment in her favor against Defendants, for:

A. all earned and unpaid wages and compensation owed to Ms. DeMeré,

B. penalties under the Colorado Wage Claim Act,

C. reasonable attorney fees,

D.     prejudgment and post judgment interest,

E.     costs, and

F.     such other equitable relief as the Court deems just and fair.

Dated: June 15, 2022

                                 *s/ Mitchell Feldman*
                                 Mitchell Feldman, Esq.
                                 GA bar 227751
                                 Feldman Legal Group
                                 1201 Peachtree Street NE, Floor 3
                                 Atlanta, Georgia 30361
                                 Telephone: 855-442-8049
                                 mfeldman@flandgatrialattorneys.com
                                 *Attorney for Plaintiff*